And we move to the final case this morning, U.S. v. Perry. Hello again. May it again please the court. Peter Henderson this time on behalf of Jason Perry. There are several very interesting issues in this case, but I'll focus on what is a big one and an important one for especially the district courts in the circuit, which is whether Indiana burglary continues to qualify as a violent felony or a crime of violence under the Supreme Court's precedence in this area, specifically recently in Johnson and Mathis. This court is bound by the Supreme Court's decisions, even if it perhaps disagrees with some of the reasoning. And I think the government… When I was in law school, burglary meant burglary. You didn't confront somebody. That's robbery. And the funny thing, at least in the criminal defense bar with these types of cases, is for years we've been saying, well he just broke and entered into a fence. That's not burglary. Come on, it's a car lot. That's not burglary. And the state of Indiana says no, a fence is a structure. And so when the Supreme Court says we need to limit what burglary means in this statute to generic burglary, not these more expansive interpretations, we're bound by that and we have a real mismatch between what the Supreme Court thinks burglary is and what most of the states consider to be burglary. But that's a mismatch by the Supreme Court and by Congress. Now until just last year with the Johnson decision, that distinction didn't really matter. And that's the James case that was overruled by Johnson. The Supreme Court said, look, Florida burglary allows you to break into somebody's cartilage. And cartilage is an enclosed area around the home. That's not generic burglary under Taylor. We concede that. But the risks are similar. This should still be considered a violent felony under the Armed Career Criminal Act. And so we're going to find that that distinction, generic versus non-generic, doesn't really matter. Johnson removed that critical part of the statutory framework. Indiana burglary would have been non-generic burglary, but it would have been saved by that residual clause that it involves a risk of injury to another. That's no longer there. All of the courts of appeals to have considered this issue of fenced-in areas following James have concluded that's not generic burglary. It requires breaking or entering a building, a structure. Originally it was breaking and entering a dwelling house at night with the purpose to commit a felony or another, a theft or another felony. That was the original common law. And it had to be at night. And you had to have two magistrates to get a warrant on it. I was around when they were doing that. I wasn't, but that's okay. And that's what's happened is the law has evolved. Burglary has changed its definition. They added cars and railroad cars and garages and hotel rooms and all sorts of things. Exactly, exactly. So what this case really needs when we talk about Indiana burglary is we either need a legislative fix by Congress, if we want Indiana burglary to be a violent felony, Congress needs to say it or the Supreme Court needs to essentially reverse years of precedent. But we're bound by statutes and we're bound by Supreme Court precedent. But the Supreme Court did say structure, building or structure. So if a structure were a building, the Supreme Court wouldn't have said building or structure. Structure has to be something other than a building, right? Well, maybe. Or a dwelling house. Could be a barn. Could be a silo. But that's still a building. Well, right. I would think anything with walls and a roof is a structure, maybe not a building if it's temporary. You drove in from Indiana, right? Illinois. From Illinois. Down south. All right. So you parked in a parking garage. Well, I parked in a lot, which under Indiana, if I broke through the lot, I'd be committing burglary. But you know those parking garages that you kind of go up and back and up and back? Sure. And there aren't walls. Right. And there's no roof. Right. But there is a fence. There may be a fence. There may be a door that you have to go in to get to the elevator to go up. Right, right. Is that a structure? Within the meaning of generic burglary, yes. It's a good question. I don't know the answer to it. What I think the Supreme Court was saying with building or structure is what some judges have criticized in terms of legal jargon, which is we use two words for the same thing. And because the reason I say that is because the Supreme Court, 17 years later in James, says that fenced-in area, the curtilage, is not a structure, that it's not a building or a structure. The discussion of what is a building or a structure seems to be around buildings. I think you brought up a good example of what might be a structure. But what the Supreme Court has said is this particular issue, the fenced-in area, that's not a structure. Well, it depends on what the fenced-in area is for. If it's to protect your flowers and your lawn, maybe it's not a structure. But if it's to protect a bunch of cars, like a parking structure, maybe it is a structure. Right. But I don't think Indiana law makes that distinction. I think what the case says, I think this is gray, is a fence is a structure. It doesn't matter. The decisions have come about because it's been, well, it's a car lot or it's a lumber mill or whatever. But what the Indiana court has said is it's a fence. And that ties into the earlier element of breaking or entering. Breaking or entering what? And they said, well, as long as you break or enter a fence, it doesn't matter what's in that area. That's considered burglary. And the Supreme Court in James, again, says, no, that's not burglary. I'll touch briefly. I would love to have 15 minutes to talk about jurisdiction on the multiplicity issue that's come up. But what I would ask for, again, we've got a sort of undeveloped record here. I do think that because Indiana burglary is non-generic, this needs to go back to the district court. I would just ask the court to direct the district court to consider this multiplicity issue. The indictment is facially multiplicitous. The government's put forward a theory that, in fact, two crimes were committed here. There was not simultaneous possession of the firearm and ammunition. But the argument was raised, somewhat responded to. The district court didn't make a ruling on it. So we think that the district court should address that question in the first instance. Unless there are further questions, I'll save my time for rebuttal. Thank you. All right, no, thank you. Mr. Reitz. May it please the court, Brian Reitz for the government. I would like to make three points why Indiana burglary is. You have a lovely low voice, and I have no hearing at all. So make it loud. I apologize, Your Honor. I'd like to make three points about why Indiana burglary qualifies. First, why James doesn't control this case. Two, about Indiana law. Then three, I would like to address Judge Fineman's question. First, James addressed the Florida statute, which included curtilage, which is certainly broader. And Florida has defined curtilage to include non-fully enclosed fences, which is broader than Indiana. So, therefore, it does not control this case. That leads into my point about Indiana burglary. Indiana has limited. Curtilage can be a yard. Yes. Enclosure is only one of the four done factors for what curtilage is. So it is facially, by the elements, Florida burglary is broader than the generic burglary. Indiana, however, mandates a full enclosure. What Perry has cited in reply brief on page four of his reply brief is incorrect. Gray involved a fully enclosed fence structure. If you look at the facts in that case, the police officer actually had to climb over the fence because it was fully enclosed. Now, it did not fully enclose the entirety of the property, nor was it attached to the building. That's all the Indiana court was saying. However, it certainly was fully enclosed. The Indiana courts have followed up on that with Calhoun saying it's dubious to believe a three-sided fence or a non-full enclosure would satisfy burglary. So Indiana requires a full enclosure, unlike Florida's. Therefore, James doesn't control. Third point, I would like to turn to what Judge Feynman pointed out, and it's more than just Taylor. So Shepard said building or enclosed space. So it's not just building or structure. Shepard says building or enclosed space. I think it's hard to conceptualize what an enclosed space would be other than something like this, a four-sided fence, a fort, something like that. And I think the rule of two terms used in the disjunctive means that that second term has to have a meaning separate and distinct from a building. I think that's a big reason why all the other, the circuit courts that have ruled the other way are wrong because they're reading, and I think what Perry is doing here is trying to read building and structure or building an enclosed space to mean the exact same thing, and that is not how we interpret what the Supreme Court says or just statutes in general. If there are no questions to that, I would just like to make a couple quick points on the multiplicity. Be it jurisdictional or waiver, either way, this court doesn't have authority to hear the case. This is essentially what Adigan said is we can call it jurisdiction, we can call it waiver, but the issue has certainly been waived. So either way, it's a matter of semantics, and it's not before properly before this court. I know that Perry has indicated that the government waived the waiver, but the government was really responding to whether it should have been concurrent or consecutive sentences, not so much the argument. So the government has always pressed the unconditional guilty plea being a waiver. So the multiplicity count is not before this court. If it were, I think the reply brief essentially concedes implicitly that Perry would have had to obtain and did obtain the firearm and the ammunition at different times. Now, whether he obtained the firearm first or second, they were not obtained at the same time. That's proven by both the surveillance video and the receipt. Therefore, that takes out of a multiplicity issue. If there are no further questions, the government would otherwise rest on its briefing. Thank you. You have two minutes, Counsel. What the Supreme Court did when it described Florida burglary was that it said, Florida case law construes curtilage narrowly to include only an enclosed area surrounding a structure. So to the extent that the government is saying, well, Shepard requires enclosed spaces, that's what Florida law requires as well. But Florida burglary is non-generic because that fenced-in area around a dwelling or a building or a structure is not itself a structure. Indiana law calls it a structure. That's why it's non-generic. And again, I do think that this court would create a bit of a circuit split if it were to find that a fenced-in area. That's what Humpty Dumpty said, you know. It's a question of whether you control the words and the words control you. It means what I want it to mean. Well, we know it when we see it, right? Yeah, something like that. Something like that. So Indiana burglary is non-generic. We'd ask that the court reverse the sentence and remand for resentencing. Thank you. Okay. Thank you. Thank you, counsel. The case will be taken under advisement and the court will stand in recess. Thank you.